NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0299n.06
Filed: May 28, 2008

No. 06-2203

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

OMAR SITTO,

      Petitioner-Appellant,

v.

BLAINE C. LAFLER,

      Respondent-Appellee.

_____/

On appeal from the United States District Court for the Eastern District of Michigan

BEFORE:    RYAN, SILER, and COLE, Circuit Judges.

      RYAN, Circuit Judge.      The petitioner, Omar Sitto, was convicted in a Michigan court of a drug conspiracy offense. His state court efforts to have his conviction set aside were not successful. He then sought federal habeas relief in the district court under 28 U.S.C. § 2254, again without success. He now appeals the district court's judgment, arguing that the Michigan state courts deprived him of his right to due process by refusing to conduct an evidentiary hearing or grant a new trial based on his claim of newly discovered evidence; that he is actually innocent; and that the prosecutor's conduct denied him a fair trial. We affirm the district court's judgment.

**I.**

      The district court correctly concluded that the Michigan courts did not violate Sitto's federal due process right by refusing to grant a hearing on his claim that newly discovered

evidence showed that a key witness perjured himself at trial; that Sitto has not shown that he is actually innocent; and that the prosecutor's conduct did not deny him a fair trial.

In a comprehensive and well-written opinion, the district court judge, the Honorable David M. Lawson, set forth in detail the reasons why Sitto's claims are without merit. We agree with the district court's reasoning and conclusion and we add only that we continue to adhere to the rule that a free-standing innocence claim is not cognizable for habeas review. Cress v. Palmer, 484 F.3d 844, 854 (6th Cir. 2007).

## II.

We therefore **AFFIRM** the district court's judgment for the reasons stated in its opinion denying Sitto's habeas petition. See Sitto v. Bock, No. 00-10267-BC, 2006 WL 2559765 (E.D. Mich. Aug. 30, 2006).